IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE R. SCOTT,

    Petitioner,                No. CIV S-10-824 KJM P

    vs.

STATE OF CALIFORNIA,

    Respondent.               ORDER

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus challenging his Sacramento County conviction on several grounds. He has also filed an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        With his federal petition, petitioner has filed a motion for a stay and a copy of the face sheet of a petition he has filed in Sacramento County Superior Court. In his motion, he explains that he is filing a protective petition so that he does not run afoul of the statute of limitations for filing a federal habeas action.

1

The court has the authority to stay a habeas petition containing exhausted and unexhausted claims so that the petitioner can exhaust state court remedies if the petitioner shows his claims are potentially meritorious and that there is good cause for his failure to exhaust earlier. Rhines v. Weber, 544 U.S. 269, 277 (2005). The current petition contains some claims which have been exhausted and some which are currently pending in the Superior Court: ineffective assistance of counsel and judicial and prosecutorial misconduct. The petition includes some exhausted claims as well, including the claim challenging the trial court's refusal to instruct on the defense theory that petitioner was an accessory after the fact. In the declaration attached to the petition, petitioner explains he was not able to raise the issues earlier because a riot at Kern Valley State Prison prevented him from going to the law library on a regular basis. Pet. (Docket No. 9) at 10.[1] This is a sufficient showing of good cause.

Petitioner is cautioned that "[a] petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Petitioner has named the State of California as respondent in this action; in any amended petition, he should name the proper respondent.

IT IS THEREFORE ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (docket no. 12) is granted;

2. Petitioner's motion for a stay (docket no. 11) is granted;

3. Within ninety days of the date of this order, petitioner shall file a status report on the progress of the state exhaustion petition;

4. If the state exhaustion proceeding is not completed within one hundred eighty days of the date of this order, petitioner shall file a second status report, and further reports at ninety day intervals until the exhaustion process is completed; and

---

[1] Page references are to those assigned by the court's CM/ECF system.

1       5. Within thirty days of the California Supreme Court's resolution of the state
2 action, petitioner shall file a motion to lift the stay together with either a motion to dismiss the
3 action or a motion to file an amended petition, along with the proposed amended petition.
4 DATED: June 23, 2010.

_____
U.S. MAGISTRATE JUDGE

2
scot0824.mfs