IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE R. SCOTT,

        Petitioner,                    2:10-cv-0824 JAM CKD P

    vs.

GARY SWARTHOUT,

        Respondent.              FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner and has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently before the court is respondent's October 31, 2011 motion to dismiss these habeas proceedings. (See Dkt. No. 31.) Respondent makes three arguments in the motion; specifically: (1) the petition is untimely; (2) petitioner failed to exhaust Claim III of his amended habeas petition; and (3) petitioner failed to raise cognizable federal habeas issues with respect to Claims II, IV, VI and VII of the amended federal habeas petition. Petitioner, proceeding through counsel, filed a response in opposition to respondent's motion to dismiss and respondent thereafter filed a reply. (See Dkt. Nos. 37, 42.) For the following reasons, it is recommended that the motion to dismiss be granted due to untimeliness.

//

//

1

# I. PROCEDURAL HISTORY

## A. State Court Proceedings

Petitioner was convicted in the Sacramento County Superior Court of three counts of robbery in the second degree in violation of CAL. PENAL CODE § 211 and of being a felon in possession of a firearm in violation of CAL. PENAL CODE § 12021(a). (See Resp't's Lodged Doc. 1.)[1] Several sentencing enhancements were also found to be true. Petitioner received a sentence of 116 years and eight months to life imprisonment on September 12, 2003.

Petitioner appealed his judgment and conviction. On July 20, 2005, the California Court of Appeal, Third Appellate District affirmed the judgment. (See Resp't's Lodged Doc. No. 2.)

Petitioner then filed a petition for review with the California Supreme Court. (See Dkt. No. 4.) On November 16, 2005, the California Supreme Court granted the petition for review and stated the following:

> The issue to be briefed and argued is limited to the following: Did the trial court err in instructing the jury that all employees have constructive possession of their employer's property during a robbery, and, if so, what is the proper standard for determining whether an employee has constructive possession of the employer's property during a robbery?

(Resp't's Lodged Doc. No. 5.) On February 19, 2009, the California Supreme Court affirmed the decision of the California Court of Appeal, Third Appellate District. (See Resp't's Lodged Doc. No. 6.)

Petitioner next filed a state habeas petition in the Sacramento County Superior Court on May 16, 2010.[2] (See Resp't's Lodged Doc. No. 7.) On July 12, 2010 the Sacramento

---

[1] Respondent's lodged documents refer to the documents that respondent filed on October 31, 2011 in this court. (See Dkt. No. 32.)

[2] Where applicable, the dates used for petitioner's filings are pursuant to the prisoner mailbox rule. Under the mailbox rule, a prisoner's pro se habeas petition "is deemed filed when he hands it over to prison authorities for mailing" to the relevant court. See Huizar v. Carey, 273

County Superior Court denied the state habeas petition by stating the following:

> Petitioner challenges his 2003 conviction for multiple counts of armed robbery. He contends that his counsel was ineffective because he declined to call Diane Reveles, petitioner's then girlfriend, as a witness at trial.
>
> In considering a petition for writ of habeas corpus, a court must determine whether petitioner has stated a prima facie claim for relief and whether the claims are procedurally barred. (People v. Romero (1994) 8 Cal.4th 728, 737.) The petitioner bears the burden of pleading sufficient grounds for relief. (People v. Duvall (1995) 9 Cal.4th 464, 474.) To satisfy the initial burden of pleading, the petition should (1) state fully and with particularity facts on which the relief is sought, and (2) include copies of reasonably available documentary evidence supporting the claims. (Id.)
>
> a. The Petition is Barred Because it is Untimely
>
> Petitioner bears the burden of showing that his petition is timely. (In re Robbins (1998) 18 Cal.4th 770, 780.) He must allege with specificity when information in support of his claim was discovered and why it should not have been discovered sooner. (Id.) Whether a petitioner has substantially delayed filing his petition is measured from the time the petitioner becomes aware of the grounds on which he seeks relief, which can be as early as the date of his conviction. (In re Clark (1993) 5 Cal.4th 750, 756, fn. 5.)
>
> Here, petitioner was convicted in 2003. As discussed below, petitioner was aware of the facts on which he bases his ineffective assistance of counsel claim at trial, and his other claim of prosecutorial misconduct stems from challenges to a warrant that his counsel raised at trial. Petitioner does not, and indeed cannot, show that "the facts upon which [he] relies were not known to him and could not *in the exercise of due diligence* have been discovered by him at any time *substantially* earlier than the time of his motion for the writ." (In re Clark, supra, 5 Cal.4th at 779 (emphasis in original).) Accordingly, the petition is untimely.
>
> An untimely habeas corpus petition is barred from habeas corpus review unless (1) petitioner is presenting newly-discovered claims after demonstrating due diligence, or (2) it alleges facts, which if

---

F.3d 1220, 1222 (9th Cir. 2001) (citing Houston v. Lack, 487 U.S. 266 (1988). The mailbox rule applies to federal and state petitions. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003) ("[A] pro se prisoner's filing of a state habeas petition is deemed filed at the moment the prisoner delivers it to prison authorities for forwarding to the clerk of court."); Huizar, 273 F.3d at 1222.

proven, would establish that a fundamental miscarriage of justice occurred as a result of the proceedings leading to conviction. (In re Robbins, supra, 18 Cal.4th at 811-12, 812 fn.32; In re Clark, supra, 5 Cal.4th 750, 774-75.) Only the following represent a "fundamental miscarriage of justice for these purposes: (1) an error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error, no reasonable judge or jury would have convicted the petitioner, (2) the petitioner is actually innocent of the crime or crimes of which the petitioner is convicted, (3) the death penalty was imposed by a sentencing authority which had such a grossly misleading profile of the petitioner before it that absent the trial error or omission, no reasonable judge or jury would have imposed the sentence of death, or (4) petitioner was convicted or sentenced under an invalid statute. (In [re] Robbins, supra, 18 Cal.4th 770, 811-812, 812 fn.32, In re Clark, supra, 5 Cal.4th 750, 787-98.) None of the exceptions to the procedural bars for untimely petitions apply here, and the petition is denied on these grounds.

b. The Petition Fails to Plead a Prima Facie Claim for Relief

Even if the court were to consider the merits of petitioner's claims, he has failed to state a prima facie claim for relief.

Petitioner first contends that he received ineffective assistance of counsel because counsel did not present the testimony of potential witness Diane Reveles. Ms. Reveles was petitioner's girlfriend who lived with him at the time of the robbery and was present when police arrived at petitioner's apartment the morning of the robbery.

Petitioner argues that he did not commit the offense. He maintains that co-defendants Kenney and Mamaril visited his apartment the evening before the robbery, and that Mamaril stayed the evening. He claims that he allowed Kenney to borrow his car, that Kenney returned to the apartment early the next morning, and Kenney then jumped out of the bedroom window when he heard the police sirens. Petitioner claims that he testified to this effect, and argues that Ms. Reveles testimony would have corroborated his at trial. He also attaches to the petition a declaration from Ms. Revel[e]s stating that petitioner did not leave the house during the morning of the robbery.

For petitioner to show ineffective assistance of counsel, he must first "show counsel's performance was 'deficient' because his or her 'representation fell below an objective standard of reasonableness . . . under prevailing professional norms." (In re Harris, supra, 5 Cal.4th at 833 (citing Strickland v. Washington (1984) 466 U.S. 668 and People v. Pope (1979) 23 Cal.3d 412).) In evaluating the sufficiency of counsel's representation, courts must be highly deferential. A petitioner

4

claiming ineffective assistance of counsel must overcome a presumption that, considering all of the circumstances, counsel's actions "might be considered sound trial strategy." (Strickland, supra, 466 U.S. at 689.) A failure to call certain witnesses in a criminal trial will usually be deemed "trial tactics as to which [reviewing courts] will not ordinarily exercise judicial hindsight." (People v. Beagle (1972) 6 Cal.3d 441, 458 (superseded by statute on other grounds); see also People v. Bolin (1998) 18 Cal.4th 297, 333 (noting that tactical errors are generally not deemed reversible on appeal).) A decision on whether to call certain witnesses is also a matter of trial tactics, unless the decision results from unreasonable failure to investigate. (People v. Bolin, supra 18 Cal.4th at 334.)

Petitioner notes that Ms. Reveles was present during the entire trial proceedings and available to testify. Accordingly, the decision of petitioner's counsel was a matter of trial tactics, and counsel may have had reasonable grounds not to call Ms. Reveles as a witness. (People v. Bolin, supra, 18 Cal.4th at 334.) Petitioner has not overcome the presumption that his counsel's trial strategy fell below the standard of reasonable conduct.

Petitioner has also failed to "show prejudice flowing from counsel's performance or lack thereof." (In re Harris, supra, 5 Cal.4th at 833.) Prejudice is shown where there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (Id. (citing Strickland, supra, 466 U.S. at 689).) Petitioner argues with little elaboration that "the jury would not have reached a guilty verdict as to . . . petitioner if Ms. Reveles had been allowed to testify," and that her "testimony at trial would have tied all of this alibi evidence together, and would have given the jury no choice but to acquit petitioner." These conclusory allegations fail to show prejudice to petitioner and he has failed to state a prima facie claim for relief with regard to this claim.

Petitioner claims that he was the victim of judicial and prosecutorial misconduct. This claim arises from petitioner's objection at trial to the evidence obtained from a search warrant. At trial, petitioner challenged the warrant on various grounds, including the argument he raises now – that the warrant was not signed at the correct time. The court dismissed this argument and ruled that this clerical error did not invalidate the warrant, and that the seized evidence was admissible. Petitioner renews this claim in the petition, arguing that the error on the search warrant amounted to prosecutorial misconduct. This claim is not cognizable on a writ of habeas corpus petition. (See In re Dixon (1953) 41 Cal.2d 756, 762 (observing that prosecutorial misconduct that is discernible from the trial court record is not cognizable on habeas corpus because the contention could have been dealt with in a timely

5

1  appeal from the judgment of conviction).)
2  Therefore, for the foregoing reasons, the petition is DENIED.
3 (Resp't's Lodged Doc. No. 8 at p. 1-3.)
4  On July 18, 2010, petitioner filed a state habeas petition in the California Court of
5 Appeal, Third Appellate District.  (See Resp't's Lodged Doc. No. 9.)  The Court of Appeal
6 summarily denied this state habeas petition without citation or discussion on August 5, 2010.
7 (See Resp't's Lodged Doc. No. 10.)
8  On August 18, 2010, petitioner filed a state habeas petition in the California
9 Supreme Court.  (See Resp't's Lodged Doc. No. 11.)  On April 13, 2011, the California Supreme
10 Court denied this state habeas petition and cited to In re Robbins, 18 Cal. 4th 770, 780, 77 Cal.
11 Rptr. 2d 153, 959 P.2d 311 (1998).  (See Resp't's Lodged Doc. No. 12.)
12  B.  Federal Court Proceedings
13  This federal proceeding began on April 7, 2010 when petitioner filed a motion to
14 toll time while he exhausted state remedies.  (See Dkt. No. 1.)  On April 22, 2010, petitioner's
15 motion to toll time was denied without prejudice.  (See Dkt. No. 4.)  The April 22, 2010 order
16 noted that petitioner's motion to toll time had no other documents attached to it.  Accordingly,
17 petitioner was given thirty days to submit his application for writ of habeas corpus.  (See id. at p.
18 2.)  Subsequently, petitioner requested an extension of time to file his habeas petition which was
19 granted.  Petitioner filed his federal habeas petition on June 10, 2010.  (See Dkt. No. 9.)
20  On June 14, 2010, petitioner filed a motion to stay this federal habeas proceeding.
21 (See Dkt. No. 11.)  On June 24, 2010, the then-assigned magistrate judge granted the motion to
22 stay after determining that petitioner had satisfied the relevant standard set forth by the United
23 States Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  (See Dkt. No. 13. at p. 2.)
24  On April 25, 2011, petitioner filed his first amended federal habeas petition.
25 (See Dkt. No. 18.)  The amended federal habeas petition raises several claims; specifically: (1)
26 ineffective assistance of counsel for failing to call a witness to testify ("Claim I"); (2) police,

6

prosecutorial and judicial misconduct due to an illegal search ("Claim II"; (3) trial court error in improperly instructing the jury on a pinpoint instruction of constructive possession ("Claim III"); (4) "unlawful search and seizure when it [the state court] concluded that 'inevitable discovery' saved the unlawful fruit of the first warrantless search, as a warrant provided the discovery of evidence," ("Claim IV") (Pet'r's Am. Pet. at p. 9.); (5) trial court error in failing to instruct the jury on accessory after the fact ("Claim V"); (6) petitioner's conviction was obtained by the use of evidence gained pursuant to an unconstitutional search and seizure ("Claim VI"); and (7) "unreasonable search and seizure when [the court] concluded that a 'clerical error' permitted belated alternation of the search warrant and denied [petitioner's] motion to traverse and controvert that warrant." ("Claim VII") (Pet'r's Am. Pet. at p. 12.). The stay was eventually lifted on August 31, 2011. (See Dkt. No. 24.) On October 31, 2011, respondent filed the instant motion to dismiss. (See Dkt. No. 31.)

## II.   STATUTE OF LIMITATIONS UNDER THE AEDPA

Petitioner filed his federal habeas petition after April 24, 1996, therefore, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to the petition. See Lindh v. Murphy, 521 U.S. 320, 326 (1997). The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. More specifically, 28 U.S.C. § 2244(d) states as follows:

>     (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>         (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>         (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the

7

> Supreme Court and made retroactively applicable to
> cases on collateral review; or
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State
> post-conviction or other collateral review with respect to the
> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

Thus, pursuant to 28 U.S.C. § 2244(d)(2), the AEDPA statute of limitations is statutorily tolled during the time a properly filed application for post-conviction relief is pending in state court. The statute of limitations is not tolled during the interval between the date on which a decision becomes final and the date on which the petitioner files his first state collateral challenge. See Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("The period between when direct review becomes final and the filing of a state habeas petition is not tolled[.]"). Once state collateral proceedings are commenced, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the petitions are "reasonable." See Evans v. Chavis, 546 U.S. 189, 192-93 (2006) (citing Carey v. Saffold, 536 U.S. 214, 222-23 (2002)).

### III.  ANALYSIS OF RESPONDENT'S MOTION TO DISMISS

Respondent makes several different arguments in support of his motion to dismiss. First, respondent asserts that this habeas proceeding is barred by the AEDPA statute of limitations. For the foregoing reasons, this argument has merit and is dispositive. Therefore, the remaining issues raised by the respondent need not be considered.

#### A.  Commencement of the Statute of Limitations

Under 28 U.S.C. § 2244(d)(1)(A), the statute of limitations begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Thus, the statute of limitations begins to run upon either: (1) the conclusion of all direct criminal appeals in the state court system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (2) if

certiorari was not sought, then by the conclusion of all direct criminal appeals followed by the expiration of the time permitted for filing a petition for writ of certiorari.  See Wixom v. Washington, 264 F.3d 894, 897 (9th Cir. 2001).  In this case, the California Supreme Court issued its opinion on petitioner's direct appeal on February 19, 2009.  Petitioner did not seek a writ of certiorari in the United States Supreme Court.  Accordingly, the one-year clock began to run on May 21, 2009, or ninety days after the California Supreme Court issued its opinion on petitioner's direct appeal.  See Bowen v. Roe, 188 F.3d 1157, 1159-60 (1999) ("The period within which [petitioner] could have sought direct review of his conviction . . . included the ninety-day period within which [petitioner] could have filed a petition for a writ of certiorari from the United States Supreme Court.").

    B. Statutory Tolling

Petitioner filed his first state habeas petition in the Sacramento County Superior Court on May 16, 2010, or five days before the AEDPA statute of limitations was set to expire. The AEDPA tolls the statute of limitations during the period in which a "properly filed" application for post-conviction relief is pending.  See 28 U.S.C. § 2244(d)(2).  However, a petition is not considered "properly filed" for purposes of the AEDPA statutory tolling when the state court denies a habeas petition as untimely.  See Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007) (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) (citing Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005))).

The Sacramento County Superior Court held that the May 16, 2010 state habeas petition was untimely.  In reaching this conclusion, the Superior Court relied on In re Robbins, 18 Cal. 4th 770, 77 Cal. Rptr. 2d 153, 959 P.2d 311 (1998) and In re Clark, 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509, 855 P.2d 729 (1993).  The Sacramento County Superior Court's reliance on Robbins and Clark was a clear ruling that the petition was untimely.  See Thorson, 479 F.3d at 645.  Accordingly, the AEDPA statute of limitations was not statutorily tolled by filing of the May 16, 2010 state habeas petition in the Superior Court.

1          Petitioner's subsequent state habeas petitions that he filed in the California Court
2  of Appeal and the California Supreme Court do not change this result.  The California Court of
3  Appeal issued a summary denial on petitioner's state habeas petition.  (See Resp't's Lodged Doc.
4  No. 10.)  This court "looks through" that summary denial and presumes it adopted the reasoning
5  of the Sacramento County Superior Court.  See Bonner, 425 F.3d at 1148 n. 13 (applying the
6  look-through of Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) to "look through" to the Superior
7  Court's decision because that was the last reasoned decision on the petition).  Additionally, the
8  California Supreme Court specifically cited to In re Robbins, 18 Cal. 4th at 780, 77 Cal. Rptr. 2d
9  153, 959 P.2d 311 when it issued its denial.  Petitioner argues that this citation to In re Robbins
10 does not mean that the California Supreme Court determined that petitioner's habeas petition was
11 untimely.  (See Dkt. No. 37 at p. 2.)  In Thorson, the Ninth Circuit examined a similar summary
12 denial by the California Supreme Court which cited to In re Robbins, 18 Cal. 4th at 780, 77 Cal.
13 Rptr. 2d 153, 959 P.2d 311.  The Ninth Circuit concluded that the denial by the California
14 Supreme Court was a clear rejection based on untimeliness because "[t]he Court's summary
15 order cites the very page of Robbins that sets forth 'the basic analytical framework' governing
16 California's timeliness determinations in habeas corpus proceedings."  Thorson, 479 F.3d at 645.
17 Thus, this argument by petitioner is without merit.
18         Accordingly, the May 16, 2010 state habeas petition filed in the Sacramento
19 County Superior Court did not statutorily toll the AEDPA statute of limitations because it was
20 untimely and therefore not "properly filed."  The fact that the Sacramento County Superior Court
21 subsequently addressed the merits of petitioner's state habeas petition does not change this result.
22 The United States Supreme Court has explained that if a "postconviction petition is untimely
23 under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."  See Pace, 544 U.S.
24 at 414; see also Bonner, 425 F.3d at 1149 ("Neither does the fact that the superior court also
25 denied Bonner's petition on the merits save his petition.  Because the California courts dismissed
26 Bonner's petition as untimely, his petition was not 'properly filed' under AEPDA.  Accordingly,

he is not entitled to tolling under § 2244(d)(2).").

C. Equitable Tolling

As the May 16, 2010 state habeas petition did not statutorily toll the AEDPA statute of limitations, the statute of limitations expired on May 21, 2010. Petitioner did not file his federal habeas petition in this court until June 10, 2010. Therefore, petitioner's federal habeas petition is barred by the AEDPA statute of limitations unless he is entitled to equitable tolling.

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Petitioner bears the burden to show that he is entitled to equitable tolling. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner first argues that his federal habeas petition should not be considered untimely because this court extended the time for him to file a federal habeas corpus petition until June 11, 2010. Petitioner's first filing in this court was a motion to toll time which was dated on March 27, 2010 and entered in this court on April 7, 2010.[3] (See Dkt. No. 1.) The motion consisted of one-page and stated as follows:

> Come now, Appellant, Andre R. Scott in request of this above court to "toll time" from March 31, 2010 to the exhaustion of additional appeals on appeal pending in the Superior Court of Sacramento. Appellant's original District Court appeal deadline is March 31, 2010.

(Id.) The motion to toll time was denied on April 22, 2010. However, petitioner was given thirty days to file his federal petition for writ of habeas corpus. (See Dkt. No. 4.) Petitioner then requested an extension of time to file his federal habeas petition. (See Dkt. No. 5.) The request

---

[3] Petitioner did not attach a certificate of service to his motion to toll time. Therefore, it is impossible to determine when this filing was constructively filed pursuant to the prisoner "mailbox rule." However, this uncertainty does not affect the outcome of these findings and recommendations.

was granted on May 14, 2010 and petitioner was then given until June 11, 2010 to file his habeas petition.  (See Dkt. No. 7.)

Petitioner does not assert that the April 7, 2010 filing acted to stop the statute of limitations.  Indeed, this filing did not stop the AEDPA statute of limitations clock.  See Woodford v. Garceau, 538 U.S. 202, 210 (2003) ("a case does not become 'pending' until an actual application for habeas relief is filed in federal court."); see also Braggs v. Walker, Civ. No. 09-3450, 2011 WL 2709847, at *2 (N.D. Cal. July 12, 2011) ("[T]he action initially consisted of a May 4, 2009 letter to the Court and a request for an extension of time to file a federal habeas petition.  Therefore, it was not a pending case for habeas corpus relief and it did not toll the limitations period because his initial filings did not constitute a challenge to his convictions.") (citation omitted), aff'd, No. 11-16293, 2012 WL 767594 (9th Cir. Mar. 12, 2012).  Instead, relying on the April 22, 2010 and May 14, 2010 orders, petitioner argues that "the district court's order on the motion to toll time was to extend the time for filing a habeas corpus until June 11, 2010."  (See Dkt. No. 37 at p. 2.)

Equitable tolling is not warranted based on this argument by petitioner.  Indeed, the April 22, 2010 order expressly denied petitioner's motion to "toll time."  The subsequent language giving petitioner thirty days to file his federal habeas petition did not relate to tolling the AEDPA statute of limitations.  At the time of the April 22nd and May 14th orders, the only information the court had at its disposal was petitioner's one page motion to "toll time."  Thus, it was not in a position to determine whether tolling the AEDPA statute of limitations was appropriate.  The April 22nd and May 14th orders could therefore only relate to the ability of petitioner to keep this action open if he complied with the orders.  The Clerk had already given this matter a docket number based on petitioner's filing of his motion to toll time.  The orders did not actively mislead petitioner into believing that his federal habeas petition would be within the AEDPA's statute of limitations if petitioner filed his petition by June 11, 2010.  Cf., Brambles v. Duncan, 412 F.3d 1066, 1068 (9th Cir. 2005) (holding that "while the court failed to inform the

pro se Brambles of all of the consequences of having his entire petition dismissed, the court did not actively mislead Brambles, and no extraordinary circumstances existed beyond his control that would account for his failure to timely file."). It was only after petitioner filed his actual habeas petition on June 10, 2010, or approximately twenty days after the AEDPA statute of limitations expired on May 21, 2010, that he had an actual "pending" application for federal habeas relief. See Woodford, 538 U.S. at 210.

Next, petitioner argues that he is entitled to equitable tolling because he is not a trained lawyer and could not obtain counsel. However, "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Furthermore, petitioner did not have a right to legal counsel in pursuing his habeas petition. See Coleman v. Thompson, 501 U.S. 722, 755 (1991) ("[A] criminal defendant has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review[.]"). Accordingly, these arguments do not warrant equitably tolling the AEDPA statute of limitations.

Finally, petitioner argues that he is entitled to equitable tolling because he:

> was prevented from filing his federal habeas corpus petition by the actions of the Sacramento County Superior Court, in that the clerk of the court failed to give Petitioner documentation regarding his state habeas petition. Accordingly, the Petitioner could not comply with the filing procedures of 28 U.S.C. § 2254. As such, there can be little doubt that the Petitioner acted with diligence and was prevented from making a timely filing due to factors beyond his control, if an untimely filing actually occurred.

(Dkt. No. 37 at p. 10.) As previously mentioned, petitioner bears the burden to show that he is entitled to equitable tolling. See Miranda, 292 F.3d at 1065. Petitioner failed to meet that burden with respect to this argument for the following reasons.

According to petitioner, he first tried to file a state habeas petition in the Sacramento Superior Court on March 31, 2010. (See Dkt. No. 8 at p. 1.) However, that petition was returned to petitioner by the Sacramento County Superior Court on April 28, 2010 after it

13

was determined that petitioner failed to comply with California Rule of Court 4.551(a). (See id. at p. 5.) That rule requires a petition for writ of habeas corpus to be on the form approved by the Judicial Council unless there is good cause to waive the requirement. (See id. at p. 5.) The Sacramento County Superior Court included a copy of the approved form with this April 28, 2010 letter. Petitioner subsequently filed his state habeas petition on May 16, 2010.[4]

At the outset, petitioner waited over ten months after the AEDPA clock began to run before he attempted to file a state habeas petition in the Sacramento County Superior Court. The diligence prong of equitable tolling requires the petitioner to show that he was engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running. See Mendoza v. Carey, 449 F.3d 1065, 1071 n. 6 (9th Cir. 2006) (stating that equitable tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence" during the relevant time period); see also Pace, 544 U.S. at 419 (rejecting equitable tolling and noting in part that petitioner waited over five months after his state post-conviction proceedings became final before filing his federal habeas petition). Petitioner failed to show the requisite level of diligence to warrant equitable tolling due to the purported actions/inaction of the Sacramento County Superior Court.

Furthermore, petitioner failed to show an "extraordinary circumstance" based on this argument to warrant equitable tolling. Petitioner asserted that the Superior Court failed to provide petitioner with the requisite documentation regarding his state court habeas petition. That argument is belied by the record based on the April 28, 2010 letter and accompanying enclosure provided petitioner by the Sacramento County Superior Court as previously described.

---

[4] Petitioner cites to a April 23, 2010 letter from the Sacramento County Superior Court whereby he asserts the "clerk of court failed to give the petitioner documentation regarding his state habeas corpus petition." (Dkt. No. 37 at p. 10.) However, petitioner fails to include any letter from the Sacramento County Superior Court on that date. Instead, a review of the record indicates that the Sacramento County Superior Court did in fact provide petitioner with the proper documentation to file his state habeas petition when it returned petitioner's March 31, 2010 state habeas filing along with the proper form on April 28, 2010. (See Dkt. No. 8 at p. 5.)

Furthermore, the fact that petitioner's initial state habeas petition did not comply with the California Rules of Court filing procedures does not amount to an "extraordinary circumstance" that stood in petitioner's way. Rather, petitioner apparently received the proper form soon after he attempted to file his state habeas petition on the improper form.

Therefore, petitioner's lack of diligence and/or his inability to show that the actions of the state court amounted to an "extraordinary circumstance" warrant rejecting petitioner's final equitable tolling argument.

### D. Suspension Clause

Finally, petitioner argues that "[e]ven if the California habeas petition was not properly filed, the petitioner submits that utilization of the AEDPA filing deadline in this case would result in a violation of the petitioner's rights under the Suspension Clause of the United States Constitution. The United States Constitution provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. 1., § 9, cl. 2. In Green v. White, 223 F.3d 1001, 1003-04 (9th Cir. 2000) (citation omitted), the Ninth Circuit held that "[t]he one-year [statute of] limitation [of the AEDPA] does not violate the Suspension Clause because it is not jurisdictional and may be subject to equitable tolling." See also Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (stating that the one-year limitations period of the AEDPA is not a suspension but is merely a limitation). Thus, this argument by petitioner should be rejected.

### IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to dismiss (Dkt. No. 31) be GRANTED due to untimeliness. These findings and recommendations are submitted to the United States District Judge assigned to this case pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he elects to file an appeal from the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: July 10, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

7
Scott 10-824.157